Date signed March 11, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| FAREED NASSOR HAYAT | : | Case No. 08-23469PM |
| | : | Chapter 11 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| WELLS FARGO BANK, N.A. | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| FAREED NASSOR HAYAT | : | |
| Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This case is before the court on a renewed Motion for Relief from Stay (D.E. No. 346) filed by Wells Fargo Bank, N.A. ("Wells Fargo"), on September 29, 2009. That Motion reflected post-filing arrears and costs aggregating $28,607.07. Debtor filed an opposition to the Motion through counsel on October 16, 2009, neither admitting nor denying the allegations of the Motion, claiming that he possessed insufficient information to form a belief as to them, and denying that Wells Fargo was harmed by the continuation of the stay. The matter was set for hearing on November 9, 2009, and the matter was passed without a ruling on account of the parties' report that they had reached a disposition of the matter by consent. As explained in Wells Fargo's Motion to Vacate Consent Status and Request a New Hearing (D.E. No. 388), Debtor's counsel refused to consummate the consent agreement.

On December 22, 2009, this court entered an Order Confirming Debtor's Fourth

Amended Chapter 11 Plan. It appears, upon review of the record, and particularly the absence of an agreement between the Debtor and Wells Fargo, that the confirmation Order was entered in error. Paragraph 6.15 of the confirmed Plan provides:

> 6.15   <u>Treatment of Allowed Secured Claim in Class 15</u>: (1437 W. 106th Street)
> <u>Impairment</u>:   Class 15 is impaired by the Plan.
> <u>Treatment</u>:   In full and complete satisfaction, discharge and release of the Allowed Secured Class 15 Claim, the holder of the Allowed Secured Class 15 Claim shall receive one hundred percent (100%) of its Allowed Secured Claim in the amount of $230,000. The Allowed Secured Class 15 Claim shall be satisfied by the Debtor by making equal monthly payments in the amount of $1,234.69, inclusive of principal and interest, to amortize this claim over thirty (30) years at a rate of 5% per annum or until the Allowed Secured Class 15 Claim is paid in full or refinanced. Taxes and insurance shall be paid separately by the Debtor as and when due.
> <u>Retention of Liens</u>:   The holder of the Allowed Secured Class 15 Claim shall continue to retain any lien on the respective collateral which secured said Claim on the Petition Date until the full satisfaction of the Allowed Secured Class 15 Claim.

However, the Proof of Claim filed on behalf of Wells Fargo Bank, N.A., showed an amount due of $385,269.10 as of the filing date of the case, with an arrearage of $20,158.04.[1] Interest at 5% per annum on that amount is $19,263.45 or $1,605.29 a month. Under the terms of the confirmed Plan, this debt would never be amortized. The court reluctantly concludes that it was in error in entering an Order confirming the Plan. An appropriate order will be entered.

cc:
Brian S. McNair, Esq., Buonassissi Henning & Lash, 1861 Wiehle Avenue,
    Suite 300, Reston, VA 20190
Fareed Nassor Hayat, 50 Stonegate Drive, Silver Spring, MD 20905
Aryeh E. Stein, Esq./Brent C. Strickland, Esq., Whiteford Taylor, 7 St. Paul Street,
    Suite 1800, Baltimore, MD 21202
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**

---

[1] Under § 502(a) of the Bankruptcy Code, a claim or interest, proof of which is filed under § 501 of this title, is deemed allowed unless a party in interest objects. No objection was filed to the proof of claim.